UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
**FILED**
JAN 18 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-253-JMH

MARK STEVEN BYRD                                                          PLAINTIFF

VS.            **MEMORANDUM OPINION AND ORDER**

JUDGE BRUNNELL, ET AL.                                                 DEFENDANTS

Mark Steven Byrd, an individual confined at the Fayette County Detention Center in Lexington, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth,* 114 F.3d 601, 607-08 (6th Cir. 1997). To establish a right to relief under Section 1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids,* 23 F.3d 990 (6th Cir. 1994).

### BACKGROUND

On April 8, 2004, plaintiff filed his complaint against Fayette District Court Judge Kim Bunnell ("Judge Bunnell") and the Lexington Fayette Urban County Government ("LFUCG") in Fayette Circuit Court. The Court construes plaintiff's complaint to allege that the defendants made or participated in a scheme to make false statements in furtherance of an arrest warrant, in violation of his rights under the Fourth Amendment to the Constitution of the United States and Section Ten of the Constitution of Kentucky. The plaintiff seeks a trial by jury and damages. Defendants

removed the suit from state court by notice dated June 7, 2004.

## DISCUSSION

The factual and legal claims set forth in Plaintiff's complaint are identical to those asserted by him in another action previously pending in this Court in *Byrd v. Officer Santiago*, 04-CV-221-JMH, Eastern District of Kentucky. Plaintiff's claims therein were dismissed with prejudice by memorandum opinion and order dated June 23, 2004 and the judgment entered contemporaneously therewith. In its opinion, the Court noted that Plaintiff's claims were barred under the Supreme Court's opinion in *Heck v. Humphrey,* 12 U.S. 477 (1994), where the Court held that a plaintiff may not sue under Section 1983 for allegedly unconstitutional conduct if the unlawfulness of such conduct would invalidate Plaintiff's conviction or sentence unless the plaintiff first demonstrates that the conviction or sentence has been reversed or vacated. *Id.* at 487. The Court further held that Judge Bunnell was entitled to absolute judicial immunity against Plaintiff's claims. The Court therefore concludes that Plaintiff's claims in his present complaint are both without legal merit and barred by *res judicata*.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) This action is **DISMISSED,** *sua sponte,* with prejudice.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman,* 117 F.3d 949 (6th Cir. 1997).

(3) This is a **FINAL** and **APPEALABLE** order.

This the 18th day of January, 2006.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: